UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JESSICA C. GRAHAM,

                Plaintiff,                NOT FOR PUBLICATION

        -against-                  **MEMORANDUM & ORDER**
                                                15-CV-00459 (PKC)
NY CENTER FOR INTERPERSONAL
DEVELOPMENT et al.,
                Defendant.
----------------------------------------------------------X

PAMELA K. CHEN, United States District Judge:

       On January 26, 2015, plaintiff Jessica C. Graham filed this *pro se* action alleging constitutional violations arising out of her ongoing family court proceedings. The Court liberally construes her complaint as one brought pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* is granted solely for the purpose of this memorandum and order. Plaintiff's motion to appoint counsel is denied.

       For the reasons set forth below, this action is dismissed for lack of subject matter jurisdiction. The Court also directs Plaintiff to show cause within 30 days why the Court should not issue an order barring her from filing any future frivolous actions without first obtaining leave of the Court. 28 U.S.C. § 1651. Finally, the Court denies plaintiff's March 6, 2015 request for leave to file electronically.

## BACKGROUND

       This is the seventh action that plaintiff has brought in which she alleges a series of constitutional violations associated with underlying Richmond County Family Court proceedings. *See Graham v. Quirk*, 14 CV 5815 (E.D.N.Y. Dec. 8, 2014) (dismissing child

custody-related claims and allowing claims for false arrest and excessive force to proceed); *Graham v. Rawley*, 14 CV 6022 (E.D.N.Y. Oct. 27, 2014) (dismissing child custody-related claims and transferring remaining claims to the United States District Court for the District of New Jersey); *Graham v. Quirk*, 14 CV 6676 (E.D.N.Y. Dec. 22, 2014) (dismissing plaintiff's claims relating to the custody of her child for lack of subject matter jurisdiction); *Graham v. Distasio*, 14 CV 6677 (E.D.N.Y. Jan. 23, 2015) (dismissing amended complaint for failure to state a claim); *Graham v. Criminal Court of the City of NY et al.*, 15 CV 337 (E.D.N.Y. Feb. 2, 2015) (dismissing all claims related to custody of Plaintiff's child for lack of subject matter jurisdiction and dismissing claims seeking injunctive relief related to pending state criminal proceedings on *Younger* abstention grounds); *Graham v. Family Court of the State of New York*, 15 CV 419 (E.D.N.Y. Feb. 25, 2015) (dismissing complaint for lack of subject matter jurisdiction).

In the instant complaint, plaintiff once again challenges the decisions of Family Court Judges which resulted in her loss of custody of her son. Plaintiff seeks this Court to: order Richmond County Family Court to "accommodate the Plaintiff.... so the Plaintiff can visit the child in a safe setting," sanction Richmond County Family Court, order the Federal Bureau of Investigation to conduct an investigation, and direct defendant to pay monetary damages. Compl. at pg. 9, ¶ IV.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly

baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

A plaintiff seeking to bring a lawsuit in federal court must establish that the Court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541–42 (E.D.N.Y. 1999).  "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte.  If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted); *see* Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

I.    <u>The Instant Action</u>

In order to maintain a §1983 action, a plaintiff must allege two essential elements.  First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted).  Second, "the

conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*

II. Younger

Federal courts ordinarily must abstain from exercising jurisdiction over constitutional claims seeking declaratory or injunctive relief when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court. *Younger v. Harris,* 401 U.S. 37, 43–44 (1971); *Hansel v. Town Ct. for the Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995); *Koltun v. Berry*, 13 CV 1612, 2013 WL 3816603, at *5 (S.D.N.Y. July 19, 2013).

In *Sprint Commc'ns, Inc. v. Jacobs,* 134 S. Ct. 584, 591–92 (2013), "the Supreme Court rejected this three−part test in favor of a categorical approach." *Mir v. Shah,* 569 Fed.App'x 48, 50 (2d Cir. 2014). Instead, the Supreme Court held that the *Younger* doctrine applies only to three classes of state court proceedings: 1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Id.* at 588 (internal quotation marks omitted); *see id.* at 591 ("We have not applied *Younger* outside these three 'exceptional' categories, and today hold . . . that they define *Younger*'s scope.").

Here, there is an ongoing child custody disput,e and "there can be no doubt that a custody dispute . . . raises important state interests." *Reinhardt v. Com. of Mass. Dep't of Social Servs.,* 715 F. Supp. 1253, 1256 (S.D.N.Y. 1989) (noting "questions of family relations, especially when issues of custody and abuse are involved, are traditionally an area of state concern") (citing *Moore v. Sims,* 442 U.S. 415, 435 (1979)); *Rhee-Karn v. Burnett*, No. 13 Civ. 6132, 2014 WL 4494126, at *4 (S.D.N.Y. Sept. 12, 2014) (citing *Younger*). Moreover, plaintiff is able to raise

any potential constitutional claims in the state court system. Therefore, plaintiff's claims for injunctive relief are barred by *Younger*. *See Morpurgo v. Incorporated Vill. of Sag Harbor,* 327 Fed. App'x 284, 285–86 (2d Cir. 2009) (applying *Younger* to dismiss plaintiff's claims for injunctive and declaratory relief).

III.     Proposed Filing Injunction

As noted above, this is the seventh action that plaintiff has brought in which she alleges a series of constitutional violations associated with an underlying Richmond County Family Court custody dispute. Each of the prior complaints has been dismissed as frivolous and/or duplicative. The Court cannot continue to tolerate plaintiff's repeated filing of frivolous and baseless actions. *See Hong Mai Sa v. Doe,* 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system); *see also Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) ("district courts have the power and the responsibility to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to [other parties] and an unnecessary burden on the courts and their supporting personnel" (internal quotation and citation marks omitted)); *Brown v. Moralles*, Nos. 14 CV 1382, 14 CV 2932 2014 WL 6610992, at *9 (E.D.N.Y. Nov. 14, 2014) (issuing warning on potential filing injunction to litigant who had filed four actions against "largely the same  defendants" "alleging largely the same claims"). Indeed, on February 2 and February 25, 2015, the Court similarly warned plaintiff about the consequences of engaging in such conduct. *See Graham v. Family Court of the State of New York*, 15 CV 419 (E.D.N.Y. Feb. 25, 2015) (warning plaintiff of possible filing injunction); *Graham v. Criminal Court of the City of NY et al.*, 15 CV 337 (E.D.N.Y. Feb. 2, 2015) (same).

5

Accordingly, plaintiff is hereby directed to show cause, by written affirmation, within 30 days of the date of this memorandum and order, why the Court should not bar the acceptance for filing of any future frivolous complaints seeking *in forma pauperis* status, without leave of the Court. 28 U.S.C. § 1651. If plaintiff fails to show cause within the time allotted, she shall be barred from filing any future frivolous *in forma pauperis* complaint without leave of the Court. *See Hong Mai Sa*, 406 F.3d at 158; *see also Lau,* 229 F.3d at 123 (before imposing a filing injunction, the Court must first provide a litigant with notice and an opportunity to be heard); *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

The Court denies plaintiff's March 6, 2015 request to submit documents electronically in this docket due to her history of filing numerous duplicative actions, all of which lack subject matter jurisdiction.

## CONCLUSION

Accordingly, plaintiff's claims seeking injunctive relief are dismissed as barred by *Younger* and for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). Plaintiff's remaining claims are dismissed as frivolous because they lack an arguable basis in law or fact. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's request for leave to file electronically is also dismissed, and the Court denies her motion to appoint counsel.

The Court directs plaintiff to show cause, by written affirmation, within 30 days from the date of this memorandum and order, why she should not be barred from filing future complaints without leave of the Court. All further proceedings shall be stayed for 30 days or until plaintiff responds to this memorandum and order, whichever is earlier.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
      March 12, 2015